**Salem**

EDWARD H. BLAKE

v.

HERCULES, INC.

No. 0818-86-3

VIRGINIA EMPLOYMENT COMMISSION

v.

HERCULES, INC.

No. 0823-86-3

Decided May 19, 1987

COUNSEL

John F. Zink, Susan T. Ferguson, Assistant Attorney General (Mary Sue Terry, Attorney General, on briefs), for appellants.

Gail M. Waddell (Edwin C. Stone, Spiers, Stone & Hamrick, on brief), for appellee.

OPINION

MOON, J. — The Virginia Employment Commission and Edward H. Blake appeal the circuit court decision which reversed the commission's award of unemployment compensation to Blake. The court held that Blake was not, as a matter of law, entitled to the benefits because "his termination was for cause." We reverse because Blake was not dismissed for misconduct connected with his work.[1] *Branch v. Virginia Employment Commission*, 219 Va. 609, 249 S.E.2d 180 (1978). Code § 60.1-58(b),[2] effective at the time of these proceedings, provided: "An individual shall be disqualified for [unemployment compensation] benefits upon separation from the last employing unit . . . if the Commission finds such individual is unemployed because he has been discharged for misconduct connected with his work."

---

[1] This opinion does not address whether Hercules was justified in firing Blake because he tested positive for drugs, but only whether the positive drug test results constituted disqualification for unemployment benefits pursuant to Code § 60.1-58(b).

[2] Code § 60.1-58(b) was superseded by Code § 60.2-618(2) effective January 1, 1987.

 In defining the misconduct necessary to disqualify an employee from receiving benefits, the Supreme Court of Virginia stated:

> [A]n employee is guilty of "misconduct connected with his work" when he *deliberately* violates a company rule reasonably designed to protect the legitimate business interests of his employer, or when his acts or omissions are of such a nature or so recurrent as to manifest a *willful* disregard of those interests and the duties and obligations he owes his employer.

*Branch*, 219 Va. at 611, 249 S.E.2d at 182 (emphasis in original).

Blake worked for Hercules, Inc., a munitions factory in Radford, Virginia, as a solvent powder mixer from December 12, 1983, through April 2, 1985. Hercules manufactures explosives and of necessity maintains a stringent worker safety program. Its work rules preclude the use or possession of alcohol or drugs on company premises and further prohibit employees from being under the influence of alcohol or drugs while at work. Hercules makes all of the employees aware of these policies through the orientation process at the time of hiring, as well as through company newsletters and notices posted throughout the facility.

After receiving an anonymous telephone tip that Blake was using drugs, Hercules conducted a surveillance of Blake for two months, which included searches of Blake's person and his automobile. On March 22, 1985, at the direction of Hercules, Blake provided a specimen for urinalysis. The specimen tested positive for 161 nanograms per milliliter of cannabinoid, a derivative of marijuana. Blake denied using marijuana, but admitted that he had been in the presence of others who used it outside of working hours. Prior to receiving the urinalysis results, no evidence was discovered that Blake used or possessed drugs at work. Furthermore, there was no evidence that his work capacity was diminished during the period of surveillance or testing. Nevertheless, Blake was terminated on April 2, 1985, because of the positive drug test.

Blake filed for unemployment benefits. A deputy commissioner of the Virginia Employment Commission held that he had been terminated for misconduct connected with his work. After an evidentiary hearing before an appeals examiner, the examiner re-

versed the deputy's decision, stating:

> Even assuming the accuracy of the evidence [the urinalysis result] presented by the employer, there is no evidence which would indicate that claimant's actions, demeanor, conduct, or thought process was [sic] negatively affected. There is also a total lack of credible evidence, scientific, legislative, or otherwise, which would reasonably cause inference that the claimant was "under the influence" of a cannabinoid substance merely through the recitation of figures gleaned from chemical analysis.

This decision was affirmed on appeal to the commission which held that Hercules had not carried its burden of showing work-related misconduct. Hercules appealed to the Circuit Court of Montgomery County which reversed the commission, holding that Blake was "terminated for cause" and did not meet his burden of proving mitigating circumstances as required by *Branch.*

However, the fact that Blake was "terminated for cause" as the trial court found, is not necessarily the equivalent of proving misconduct in contemplation of Code § 60.1-58(b). Even employees who are fired for what the employer considers good cause may be entitled to unemployment compensation. The question is whether a company rule was *deliberately* violated or whether Blake's acts were "of such a nature or so recurrent as to manifest *a willful* disregard of those interests and the duties and obligations he owes his employer." *Branch,* 219 Va. at 611, 249 S.E.2d at 182 (emphasis in original).

The only evidence in support of the dismissal was that Blake had 161 nanograms per milliliter of cannabinoid in his system. There was no evidence that this amount of cannabinoid would affect his duties at work. Further, there was no evidence to establish at what time he may have ingested the marijuana or whether it was done actively or passively. Medical literature in the record relied upon at the hearing stated that marijuana could be detected in the urine thirty days or more after use. In fact, there was no evidence (apart from the anonymous tip) to refute Blake's claim that he had not personally used marijuana, but had been merely in the presence of persons smoking marijuana while away from work.

Even if we assume, as Hercules contends, that a trace in the urine constituted possession as defined in company rules, Blake would have had to have known that he had the marijuana in his system to have deliberately violated the rule. From the record before us, we cannot determine that Blake knew or that he even should have known that if he used marijuana or was in the presence of others who used marijuana, a trace of the substance would show up in his urine for an appreciable time. Absent such evidence, the commission could not have found that Blake deliberately violated company rules or willfully disregarded the interests, duties, and obligations he owed Hercules. The commission could not have found that Blake deliberately violated a company rule because the rule only required that he not report to work "under the influence" and that he not possess alcohol or drugs on the premises.

Accordingly, we hold that the trial court erred in ruling that Blake was, as a matter of law, barred from receiving unemployment compensation. The judgment is reversed and the award of the Virginia Employment Commission is reinstated.

*Reversed.*

Koontz, C.J., and Keenan, J., concurred.