## Salem

VIRGINIA EMPLOYMENT COMMISSION
AND HERCULES, INC.

v.

TIMOTHY C. SUTPHIN

No. 0514-88-3

Decided June 6, 1989

COUNSEL

Susan T. Ferguson, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellant.

William H. Yongue, for appellee.

OPINION

DUFF, J.— The Virginia Employment Commission and Hercules, Inc. appeal the circuit court decision which reversed the commission's denial of unemployment compensation to Sutphin. The denial of benefits by the commission was based upon a finding of "misconduct in connection with his work" under the disqualification provisions of Code § 60.2-618.2. We affirm the trial court's order based on our finding that Sutphin's behavior was not misconduct connected with his work as defined by the Act and as construed by prior decisions of the Supreme Court and this Court.

Timothy Sutphin commenced working for Hercules in 1980. At the time of termination he was employed as a production foreman. Hercules produces explosives and propellants. On March 1, 1986, it amended its employment policies by promulgating a requirement that any employee detected with illegal substances in his body or in his possession would be discharged. Sutphin concedes that he was aware of this rule.

On April 28, 1986 Sutphin voluntarily took his annual physical examination two months early, due to a slow time at the plant. A part of the physical was a urinalysis test for the presence of drugs in his system. The test showed positive for the presence of cannabinoid, and Sutphin was discharged for violation of the company policy.

Sutphin testified that four days prior to his physical examination he had been invited, as the honoree, to a birthday party given for him by a group of friends. The party was unconnected with his work and was held in a small house with approximately twenty guests. Two or three of the guests were smoking marijuana cigarettes. A marijuana cigarette was offered to Sutphin, who refused it. Later in the evening, after several drinks, Sutphin smoked what he thought was a tobacco cigarette given to him by the same individual who had previously offered him the marijuana. After the positive urinalysis finding and his subsequent discharge, Sutphin confronted this individual, who told him that he had "laced" the cigarette with marijuana "as a gift to the birthday boy." Sutphin further stated that he had no idea that the cigarette contained marijuana. Sutphin's testimony was uncontradicted. From the record, the only possible source of the marijuana in Sutphin's system was either his direct ingestion by smoking the laced cigarette or passive ingestion by breathing the smoke from the guests at the party who were using marijuana. The record contains no evidence that Sutphin ever used drugs or had ever been under the influence of drugs. Likewise, there was no evidence that his work performance was other than satisfactory.

Initially, we note that in any judicial proceeding "the findings of the commission as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law." Code § 60.2-625(A); see *Israel v. Virginia Employment Commission*, 7 Va. App. 169, 172, 372 S.E.2d 207, 209 (1988). However, analyzing an employee's behavior with the disqualification provisions of the statute is a mixed question of law and fact reviewable by this Court on appeal. *Israel*, 7 Va. App. at 172, 372 S.E.2d at 209; *Blake v. Hercules, Inc.*, 4 Va. App. 270, 356 S.E.2d 453 (1987).

The purpose of the Unemployment Compensation Act is to "provide temporary financial assistance to workmen who [become] unemployed without fault on their part. The statute as a whole

. . . should be so interpreted as to effectuate that remedial purpose implicit in its enactment." *Ford Motor Co. v. Unemployment Compensation Commission*, 191 Va. 812, 824, 63 S.E.2d 28, 33-34 (1951). Code § 60.2-618(2)[1] disqualifies employees who are discharged from their employment due to work related misconduct.

■ In *Branch v. Virginia Employment Commission*, 219 Va. 609, 611, 249 S.E.2d 180, 182 (1978), the Supreme Court, in defining the misconduct necessary to disqualify an employee from receiving benefits, observed:

> [A]n employee is guilty of "misconduct connected with his work" when he deliberately violates a company rule reasonably designed to protect the legitimate business interests of his employer, or when his acts or omissions are of such a nature or so recurrent as to manifest a willful disregard of those interests and the duties and obligations he owes his employer.

In a recent decision strikingly similar to the facts of this case, *Blake v. Hercules, Inc.*, 4 Va. App. 270, 356 S.E.2d 453 (1987), we reversed the trial court's denial of unemployment benefits to Blake. The record did not show that Blake knew, or should have known, that if he used marijuana or was in the presence of others who used marijuana, a trace of the substance would show up in his urine for a period of time. "Absent such evidence the commission could not have found that Blake deliberately violated company rules or willfully disregarded the interests, duties or obligations he owed Hercules." *Id.* at 274, 356 S.E.2d at 456. The same reasoning applies to the case at bar.

■ Hercules argues, however, that Sutphin deliberately violated the company policy when he remained at the birthday party in the

---

[1] Code § 60.2-618 provides in pertinent part: An individual shall be disqualified for benefits upon separation from the last employing unit for whom he has worked thirty days or from any subsequent employing unit:

\* \* \*

(2) For any week benefits are claimed until he has performed services for an employer during thirty days, whether or not such days are consecutive, and subsequently becomes totally or partially separated from such employment, if the Commission finds such individual is unemployed because he has been discharged for misconduct connected with his work.

presence of guests who were smoking marijuana, with full knowledge of the company rule prohibiting the presence of illegal substances in his system. We disagree. We interpret Code § 60.2-618(2) in line with *Branch* as requiring, as an element of misconduct, proof of a deliberate violation of a company rule. An employer cannot circumvent that statutory requirement by adopting a rule which makes involuntary or non-intentional behavior misconduct. In the absence of any evidence that Sutphin knew or should have known of the effect of passive ingestion of marijuana smoke, or that he knew that the cigarette he smoked had been laced with marijuana, the standard enunciated in *Branch* has not been met. While involving a different factual pattern, the description of "misconduct" found in the Pennsylvania case of *Schappe v. Unemployment Compensation Bd. of Review*, 38 Pa. Comwlth. 249, 253, 392 A.2d 353, 355-56 (1978) is instructive. There, it was described as involving "manifest culpability, wrongful intent, evil design, or intentional and substantial disregard for the employee's interests. . . ." This was not present in the case at bar.

The fact that Sutphin was terminated for violating company policy is not tantamount to the "misconduct" contemplated by Code § 60.2-618(2). As we noted in *Blake*, employees who are fired for what the employer considers good cause still may be entitled to unemployment compensation. In the absence of a showing that Sutphin deliberately violated the company rule, he is entitled to benefits.

For these reasons the judgment appealed from is

*Affirmed.*

Benton, J., and Coleman, J., concurred.