## CIRCUIT COURT OF ALBEMARLE COUNTY

Extra's, Inc.

v.

Va. Employment Commission
and Gerald G. Carter

April 4, 1991

Case No. 4257-L

By JUDGE PAUL M. PEATROSS, JR.

This case comes before the Court pursuant to § 60.2-625 of the Code of Virginia of 1950, as amended, on the Petition for Judicial Review on the question of whether or not respondent, Gerald G. Carter, is entitled to receive unemployment compensation benefits. The Virginia Employment Commission through its Special Examiner, Charles A. Young, III, ruled on May 14, 1990, that the claimant, Gerald G. Carter, was qualified for unemployment compensation, and the employer, Extra's, Inc., has appealed that decision.

*Legal Issues Presented*

1. Did Gerald G. Carter leave work voluntarily without good cause as provided in § 60.2-618.1 of the Code of Virginia of 1950, as amended?

2. Was Gerald G. Carter discharged from employment due to misconduct in connection with work as provided in § 60.2-618.2 of the Code of Virginia, as amended?

*Facts*

The Court adopts the facts set forth in the opinion of Charles A. Young, III, Special Examiner, set forth' in his decision of May 14, 1990, and incorporates it by reference into this opinion.

The only clarification of these facts is that the general meeting announcing the new drug policy occurred on one day and the private meeting between Mr. Carter and "a higher supervisor" to discuss his execution of the acknowledgment with modification occurred the following day. *See* transcript of October 24, 1989, before Marvin Powell, Appeals Examiner, at page 41.

*Discussion of Authority*

In reviewing the Commission's decision, the Court is to treat the Commission's factual findings as conclusive pursuant to § 60.2-625(A) of the Code of Virginia of 1950, as amended, if supported by evidence and in the absence of fraud. As to the issue of whether an employee was discharged for "misconduct," it is a mixed question of law and fact which is reviewable by the Court. *Barkley v. Peninsula Transportation District Comm.*, 11 Va. App. 317 (1990). The Court decides whether the facts "are sufficient in law to constitute misconduct." *Virginia Employment Commission v. Gantt*, 7 Va. App. 631, 635 (1989), *affirmed en banc*, 9 Va. App. 225 (1989).

The Virginia Supreme Court has set out the rule for disqualification of employment benefits under the statute in question holding that an employee is guilty of "misconduct in connection with work" when he "deliberately violates a company rule reasonably designed to protect the legitimate business interest of his employer, or when his acts or admissions are of such a nature or so recurrent as to manifest a willful disregard of those interests and the duties and obligations he owes to his employer." *Branch v. Virginia Employment Commission*, 219 Va. 609, 611 (1978).

The rule which Extra's sought to enforce dealt with the' institution of a new drug policy after Mr. Carter had been employed with Extra's. That rule was that Mr. Carter sign an acknowledgment form without qualification. As noted, Mr. Carter agreed to sign the acknowledgment

with two modifications. The first, which is material to this decision, was that he refused to submit to medical examination for drugs and alcohol unless he did so "at my price." This has later been explained by him as to state that he would submit if he were paid $100.00. Thus, he was not opposed to submitting to the examination for drugs and alcohol but only wanted to be paid for that requirement. After being given overnight to further consider the matter, he again refused to modify his position the next day. The second modification of the acknowledgment dealt with the searching of a locker, but as noted, Mr. Carter did not have a locker so that is not a relevant issue before the Court.

In reading the acknowledgment as a whole, it is noted that it only requires one to acknowledge that he or she has read and understands the policy, will cooperate with company investigations, and will agree to submit to medical examination for drugs and alcohol. Further, it acknowledges that "failure to comply with reasonable management directives" concerning the policy would be grounds for discharge. Whether he agreed with the policy or not, or whether it was fair and reasonable, was not what he was required to state by signing the acknowledgment.

*Findings*

Clearly, Mr. Carter was not willing to sign the acknowledgment in its original form but chose to modify it at the conclusion of the general meeting. He was then told the following day that if he would not agree to sign the acknowledgment form without modification, he would be discharged. When he indicated he would not sign it, he was told that he was discharged.

The Court finds that this is not a situation where Mr. Carter left work voluntarily without good cause as provided in § 60.2-618 of the Code of Virginia. He was given the choice of signing the form without modification or consider one of two options: He could resign or be discharged. Since this is a case where he did not resign, Section 60.2-618(1) of the Code, i.e., "left work voluntarily without good cause" does not apply.

Instead, he refused to sign the acknowledgment without

modification, and he was dismissed. The Court finds that this conduct was a deliberate violation of a company rule.

The next required finding by the Court is whether or not the rule was "reasonably designed to protect the legitimate business interest of Extra's." In reviewing the facts, it was noted the problem that Extra's had with a drug dealer on company property, which was disruptive to the business of Extra's. Additionally, it is reasonable that an employer wishes to maintain a work place which is free from persons abusing alcohol and drugs. Furthermore, there is no question that a drug and alcohol free work place adds to work efficiency and productivity. Therefore, the rule meets this test.

Therefore, the Court finds Mr. Carter is guilty of misconduct in connection with work, and he is not qualified to benefits pursuant to § 60.2-618.2 of the Code of Virginia of 1950, as amended.