COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


ROBERT KELLY BLUM

v.        Record No. 0363-96-3        MEMORANDUM OPINION[*]
                                        PER CURIAM
VIRGINIA EMPLOYMENT COMMISSION          JULY 23, 1996
AND
CITY OF BEDFORD


              FROM THE CIRCUIT COURT OF BEDFORD COUNTY
                    William W. Sweeney, Judge

          (Grady W. Donaldson, Jr.; Schenkel &
          Donaldson, on brief), for appellant.

          (James S. Gilmore, III, Attorney General;
          Patricia H. Quillen, Assistant Attorney
          General; Lisa J. Rowley, Assistant Attorney
          General, on brief), for appellee Virginia
          Employment Commission.

          (Clinton S. Morse; Todd A. Leeson; Flippin,
          Densmore, Morse, Rutherford & Jessee, on
          brief), for appellee City of Bedford.


     The Virginia Employment Commission (VEC) denied unemployment

benefits to Robert Kelly Blum (Blum) because it found that he was

discharged for work-related misconduct.  Code § 60.2-618(2).  The

circuit court affirmed the VEC's decision.  On appeal to this

Court, Blum contends that the trial court erred (1) as a matter

of law in ruling that he was discharged for misconduct connected

with his work and (2) in finding there was sufficient evidence of

work-related misconduct.  Upon reviewing the record and briefs of

---

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. Rule 5A:27.

Under Code § 60.2-625(A), "the findings of the [VEC] as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law."  See Shifflett v. Virginia Employment Comm'n, 14 Va. App. 96, 97, 414 S.E.2d 865, 865 (1992).  "The VEC's findings may be rejected only if, in considering the record as a whole, a reasonable mind would necessarily come to a different conclusion."  Craft v. Virginia Employment Comm'n, 8 Va. App. 607, 609, 383 S.E.2d 271, 273 (1989).  "Whether an employee's behavior constitutes misconduct, however, is a mixed question of law and fact reviewable by this court on appeal."  Israel v. Virginia Employment Comm'n, 7 Va. App. 169, 172, 372 S.E.2d 207, 209 (1988).

The facts, as found by the VEC, established that Blum was employed by the City of Bedford as a water treatment plant operator.  Under the city's drug-free workplace policy, the use of illegal drugs off city property by city employees "which affects an employee's ability to perform his or her duties, or which generates publicity or circumstances which adversely affect the City of Bedford or its employees, shall result in discipline, including possible suspension or termination."[1]  Blum regularly

---

[1]In order to be eligible for federal grants, the city was required to provide a drug-free workplace by adopting and

used marijuana and was arrested for possession of marijuana with the intent to distribute following a sale he made to another city employee. Blum told his supervisor of his arrest and was subsequently discharged. The city stated its reasons for removing Blum:

> The City of Bedford is committed to offering for its employees and maintaining a drug-free workplace. Your continued employment under these circumstances not only would raise questions about your ability to perform your duties when you are a regular user of marijuana, but it also is inconsistent with the City's desire to maintain a drug-free workplace and undoubtedly would generate adverse publicity for the City.

### Misconduct Connected with Work

"The purpose of the Unemployment Compensation Act is 'to provide temporary financial assistance to [employees] who become unemployed through no fault of their own.'" <u>Virginia Employment Comm'n v. Gantt</u>, 7 Va. App. 631, 634, 376 S.E.2d 808, 810, (citation omitted), <u>aff'd en banc</u>, 9 Va. App. 225, 385 S.E.2d 247 (1989). Under Code § 60.2-618(2), an employee who has been discharged for work-related misconduct is disqualified for unemployment benefits.

> [A]n employee is guilty of "misconduct connected with his work" when he <u>deliberately</u> violates a company rule reasonably designed to protect the legitimate business interests of his employer, or when his acts or omissions are of such a nature or so recurrent as to manifest a <u>willful</u> disregard of those interests and the duties and

---

enforcing policies prohibiting employee drug abuse. <u>See</u> 41 U.S.C. § 702.

3

obligations he owes his employer.

Branch v. Virginia Employment Comm'n, 219 Va. 609, 611, 249 S.E.2d 180, 182 (1978). "The rule violation prong . . . allows an employer to establish a prima facie case of misconduct simply by showing a deliberate act which contravenes a rule reasonably designed to protect business interests." Gantt, 7 Va. App. at 634-35, 376 S.E.2d at 811. "When an employer adopts a rule, that rule defines the specific behavior considered to harm or to further the employer's interests. By definition, a violation of that rule disregards those interests." Id. at 634, 376 S.E.2d at 811.

Blum admitted that he regularly smoked marijuana and that he sold marijuana to support his habit. Cf. Virginia Employment Comm'n v. Sutphin, 8 Va. App. 325, 380 S.E.2d 667 (1989); Blake v. Hercules, Inc., 4 Va. App. 270, 356 S.E.2d 453 (1987). However, Blum argues that the VEC erred in finding he had committed work-related misconduct because there was no evidence that those actions affected his work, caused adverse publicity for the city, or created adverse circumstances for the city or its employees. We disagree. It is true that the VEC found that Blum's actions had not generated publicity at the time of his removal. However, Blum's regular marijuana use while employed by the city and his sale of marijuana to another city employee were circumstances adversely affecting the city, as articulated by the city in its removal notice. The VEC noted that

the fact that he was a regular user of the

4

substance meant that the city could no longer
trust him to work alone in a job requiring
him to maintain the purity of the city water
system, because if any accident occurred, and
if it could be shown that the city was aware
of his drug use but did nothing about it,
then liability for damages might be
established.

Therefore, we agree with the conclusion of the VEC that Blum's actions were a deliberate violation of the city's drug-free workplace policy and constituted misconduct in connection with his work.

<u>Sufficiency of the Evidence</u>

Blum asserts that there was no evidence showing that the city employee who purchased marijuana from Blum was adversely affected by the off-duty sale of marijuana. The VEC found that the city, as well as its employee, was affected by Blum's drug activities. We cannot say the record as a whole necessarily leads us to a different conclusion.

Accordingly, the decision of the circuit court upholding the agency's determination is summarily affirmed.

<u>Affirmed.</u>

5