# CIRCUIT COURT OF LOUDOUN COUNTY

Faith C. Powell

v.

United States Postal Service
and Virginia Employment Commission

February 17, 1998

Case No. (Law) 18684

BY JUDGE JAMES H. CHAMBLIN

This proceeding was initiated by a Petition for Judicial Review filed by Faith C. Powell asking this Court pursuant to Virginia Code § 60.2-625 to review a decision of the Virginia Employment Commission (VEC) that disqualified her for unemployment benefits because she had been discharged by the United States Postal Service for misconduct connected with her work.

The VEC decision was mailed on December 16, 1996. Ms. Powell filed her Petition on January 15, 1997. Although § 60.2-625 provides that proceedings such as this "shall be heard in a summary manner at the earliest possible date," the Clerk did not advise any judge of this Court until January 22, 1998, of the filing of the Petition. On that day, Ms. Powell had come to the Clerk's Office to check on the status of the case. Thereafter, an Assistant to the Circuit Court Judges contacted Ms. Powell and Mr. Day, and the matter was set for oral argument on February 6, 1998, at which time both appeared.

After consideration of the Petition, the Answer of the VEC, the record of proceedings before the VEC, and the argument on February 6, 1998, the Petition is dismissed and the decision of the VEC is affirmed.

I. Ms. Powell asserts that the VEC acted improperly when it accepted the Postal Service's allegation that she was guilty of misconduct without any corroborating evidence or testimony from witnesses.

At both the hearing before the Appeals Examiner and before the Special Examiner, no Postal Service witness with actual knowledge of the truth of the allegations of misconduct testified. However, a considerable amount of documentary evidence was admitted into evidence which described the alleged misconduct. *See, e.g.,* the "Notice of Removal" dated May 10, 1996. Ms. Powell denied any misconduct in her testimony at the hearings and in her written submissions to the VEC.

In this proceeding, under § 60.2-625, "the findings of the Commission as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the Court shall be confined to questions of law." Section 60.2-623(A) provides in pertinent part:

> A. The manner in which disputed claims shall be presented, reports required from the claimant and from employers, the conduct of hearings and appeals before any deputy, appeal tribunal or the Commission, and transcripts prepared shall be in accordance with regulations prescribed by the Commission for determining the rights of the parties. Such regulations need not conform to common law or statutory rules of evidence and other technical rules of procedure.

The rules of evidence applicable in a court of law do not apply to VEC administrative proceedings. Hearsay evidence, for example, is admissible in such an administrative proceeding. *Baker v. Babcock & Wilcox Co.,* 11 Va. App. 419, 425 (1990).

Therefore, the VEC could accept into evidence hearsay statements contained in documents relevant to the proceeding. All the documents admitted in evidence were relevant to the misconduct issue. The statements found in documents support the finding of misconduct.

Ms. Powell has not cited to the Court, and I have not found, any authority that the evidence of misconduct must be corroborated by the testimony of a witness at a VEC hearing.

The Postal Service did more than merely allege misconduct. It presented to the VEC documentary evidence admissible under the rules applicable to VEC proceedings that showed the misconduct.

The "Findings of Fact" contained in the Decision of the Commission mailed December 16, 1996, are supported by the evidence. There is no allegation of fraud. Accordingly, under § 60.2-625, these findings of fact are conclusive. The VEC did not act improperly in finding misconduct without the corroborating testimony of a witness.

II. Ms. Powell also asserts that the VEC acted improperly when it decided against the Petitioner because her testimony was "not deemed credible," even though the burden of proof was on the Postal Service to prove its claim of misconduct, not on the petitioner to disprove misconduct.

It appears that Ms. Powell takes exception to the finding by the appeals examiner, and later adopted by the VEC on appeal to it, that her testimony is "not deemed credible." The hearing examiner is the sole judge of the credibility of the witnesses appearing before him. In a judicial review, this Court must give deference to the examiner's determination of a witness' credibility. Even assuming that this Court could overrule an examiner's credibility determination, it should only be done if the examiner is plainly wrong. Considering that each examiner observed Ms. Powell's demeanor as she testified and also considering the transcript of her testimony at each hearing, I cannot conclude that the VEC examiner is plainly wrong.

Ms. Powell is correct that the burden is upon the employer, the Postal Service, to prove her misconduct. *See Blake v. Hercules, Inc.*, 4 Va. App. 270, 273 (1987). The documentary evidence presented to the VEC did support a finding of misconduct. The VEC hearing examiner did not find that the lack of credibility on the part of Ms. Powell of itself led to a finding that the Postal Service met its burden. Also, the examiner did not impermissibly reverse the burden and place a burden on Ms. Powell to prove no misconduct.

III. The Petitioner further asserts that the VEC, after deeming her testimony "not credible" and receiving no evidence or corroborative evidence from the Postal Service, acted improperly when it apparently gave its written statements the presumption of truth.

As stated above, there is no requirement for corroboration by a witness of the employer's documentary evidence. There is nothing in the record to indicate that the VEC gave the written statements of the Postal Service a presumption of truth.

IV. Ms. Powell lastly asserts that the VEC, in agreeing with the Postal Service even though it presented no real evidence nor testimony from witnesses, displayed a clear bias against employees, such as her, and therefore, has demonstrated that it is incapable of rendering a fair and reasonable decision.

The documentary evidence of misconduct offered by the Postal Service was properly considered by the VEC. There is no requirement that its

decisions must be based at least in part on the testimony of at least one witness. Therefore, there can be no bias or prejudice shown merely because the VEC found misconduct by the Petitioner without the Postal Service offering a witness to the misconduct.

The VEC decision was based on evidence admissible under its rules. The record does not display any bias on the part of the VEC against employees or in favor of employers.

V. Mr. Day shall prepare an Order dismissing the Petition and affirming the decision of the VEC for the reasons set forth herein. Ms. Powell may note her exception to the Order. Ms. Powell is advised that she does have the right to appeal this decision to the Court of Appeals.