## CIRCUIT COURT OF NELSON COUNTY

Nelson County

v.

Virginia Employment Commission
and Thomas E. Napper, Sr.

January 10, 2005

Case No. CH04000089-00

BY JUDGE J. MICHAEL GAMBLE

I am writing this letter to give you the decision of the Court in the above matter. In this regard, the decision of the Special Examiner is reversed and Thomas E. Napper, Sr., is disqualified from unemployment compensation. Thomas E. Napper, Sr., the Claimant, had been employed as an Animal Control Officer for Nelson County, Virginia, since April 1998. On May 6, 2004, the Claimant was discharged by the County Administrator when he refused to answer questions about nude images found on a computer in the Nelson County Animal Control Office where he worked. The notice of termination letter dated May 10, 2004, from the County Administrator to Claimant set forth the grounds of his termination. In particular, the termination letter advised the Claimant that he was terminated for his failure to answer questions from the County Administrator on April 29, 2004, and May 6, 2004, concerning the nude images on the computer. It further advised the Claimant that he was terminated for allowing individuals who were not employees of Nelson County to be transported in county vehicles and have access to the county

computer equipment. The termination letter also cited ten incidences from January 24, 2004, to April 4, 2004, including failure to follow a supervisor's verbal order or written instruction, working unauthorized overtime, failing to adequately respond to assignments, and failing to work the required hours. Further, the letter cited other disciplinary notices issued on May 6, 2003, October 31, 2003, and November 4, 2003.

The Claimant has a long history of insubordination and failure to follow directives of a supervisor. He has received numerous reprimands for this conduct. Often, his reaction to the reprimands and disciplinary notices was directly insubordinate to his superiors, including the County Administrator. In April 2004, Claimant discovered the nude images on the Animal Control Office computer. He did not report this to his supervisor or the County Administrator. Instead, the images were downloaded onto a disk and given to the Sheriff of Nelson County. The Sheriff of Nelson County furnished the disk to the County Administrator. The County Administrator thereupon initiated an appropriate investigation to determine how the nude images were placed on the computer. On April 29, 2004, and May 6, 2004, the County Administrator asked the Claimant whether he gave the disk to the Sheriff. On both occasions, the Claimant refused to answer the question on the grounds that he would incriminate himself and that he wanted a lawyer. On May 6, 2004, the County Administrator terminated his employment.

After conducting an initial investigation, a Deputy of the Virginia Employment Commission (VEC) disqualified Claimant from receiving unemployment benefits on the basis of his misconduct. A VEC Appeals Examiner conducted an evidentiary hearing and by decision mailed June 22, 2004, the VEC Appeals Examiner affirmed the determination of the Deputy that the Claimant was disqualified from receiving unemployment benefits due to misconduct. The Claimant then appealed to the VEC. The VEC Special Examiner, by decision mailed September 3, 2004, reversed the Appeals Examiner and ruled that the Claimant is entitled to unemployment compensation. From that decision, the County of Nelson appealed to the Circuit Court.

The Court is cognizant that Va. Code § 60.2-625 provides that the findings of the VEC of facts, if supported by the evidence, are conclusive. *Shifflett v. Virginia Employment Comm'n*, 14 Va. App. 96, 97, 414 S.E.2d 865 (1992). Further, the Court is aware that the VEC has the responsibility of resolving questions of creatability in controverted facts and that the jurisdiction of the Circuit Court is limited to questions of law. *Virginia Employment Comm'n v. Gantt*, 7 Va. App. 631, 635, 376 S.E.2d 808

(1989). However, mixed questions of law and fact are reviewable by the Circuit Court, and the issue of whether behavior constitutes misconduct is a question of law and fact. *Shuler v. Virginia Employment Comm'n*, 9 Va. App. 147, 149, 384 S.E.2d 122 (1989); *Israel v. Virginia Employment Comm'n*, 7 Va. App. 169, 172, 372 S.E.2d 207 (1988).

The facts in this case are basically uncontroverted. The Claimant had a prior history of disciplinary actions and reprimands based in part upon insubordinate behavior. On April 29, 2004, and May 6, 2004, he refused to answer questions from the County Administrator about a disk containing nude images which he delivered to the Sheriff. Accordingly, with the facts undisputed, the legal issue is whether the Claimant was guilty of misconduct which disqualifies him from receiving unemployment benefits.

To establish misconduct, the employer has the burden of proof that a company rule was deliberately violated or that the acts of the employee were of such nature or so recurrent as to manifest a willful disregard of the employer's interest. *Branch v. Virginia Employment Comm'n*, 219 Va. 609, 611, 249 S.E.2d 180 (1978). It is undisputed that the County of Nelson has written policies that prohibit both insubordination and pornographic materials on county computers. These regulations are certainly reasonable. Further, it is certainly in the business interest of Nelson County to investigate and determine the source of these nude images. Due to the fact that the Claimant delivered the disk to the Sheriff, it is a legitimate inquiry as to what his knowledge is of the disk and the images that were placed on the computer. The facts are undisputed that he was assured he was not subject to criminal charges. Further, the facts ultimately established that the Claimant did not place the images on the computer. Thus, there was no justifiable reason for the Claimant to refuse to answer the legitimate inquiries of the chief executive officer of his employer.

The refusal of Claimant to answer the questions on April 29, 2004, and May 6, 2004, is compounded by a prior history of insubordinate conduct. These incidences of insubordinate conduct include failure to obey direct orders and impertinent behavior toward the County Administrator and his departmental superior. Nelson County has proven the Claimant deliberately violated a company rule and that acts were of such a nature as to manifest a willful disregard of the employer's interest. First, the Claimant had no right to assert the privilege against self incrimination when asked if he had given the disk to the Sheriff because he had already waived that right, if any, by personally giving the disk to

the Sheriff. Also, the Claimant knew that he did not place the images on the computer. The Claimant knew this at the time of the questions by the County Administrator. The Claimant was simply continuing his insubordinate conduct which had caused the earlier disciplinary problems. Even more importantly, his refusal to answer the questions manifested a "willful disregard of the employer's interest." The county rule prohibiting pornography on computers is a sound policy. It is reasonable for the county to investigate any instances where material judged to be pornographic is placed on a county computer. Any employee with access to the computer can certainly be expected to answer questions about the images when they are found on the computer, especially when the employee did not put the images on the computer. It is a willful disregard of the legitimate interests of Nelson County if an employee refuses to answer such questions. Insubordination can constitute misconduct. *Wood v. Virginia Employment Comm'n*, 20 Va. App. 514, 518-19, 458 S.E.2d 319 (1995). The refusal of Claimant to answer the County Administrator's questions concerning the disk willfully disregarded his employer's interest.

The Special Examiner concluded the Claimant "did as instructed when he . . . turned over the disk to the Sheriff." The Sheriff, however, was not his employer. The interest of Nelson County was not satisfied by giving the disk to the Sheriff because it was in the interest of the county to find out how the images were placed on its computer.

In Virginia, misconduct can also occur where the acts of misconduct "were of such a nature or recurrent as to manifest a willful disregard of the business interest of the employer and the duties and obligations owed to the employer." *Helmick v. Economic Development Corp.*, 14 Va. App. 853, 859, 421 S.E.2d 23 (1992). The failure of the Claimant to answer questions on April 29 and May 6 were a part of his continuing course of conduct by the Claimant's disobeying the directives of his employer which had started in 2003. The basis for termination in this case is not isolated to April 29 and May 6 as suggested by the Special Examiner. It is a continuation of insubordinate conduct that had been occurring since 2003.

When misconduct has been established by an employer, the burden shifts to the employee to present countervailing or mitigating evidence. *Virginia Employment Comm'n v. Sutphin*, 8 Va. App. 325, 329, 380 S.E.2d 667 (1989). There is no mitigation in this case because the Claimant and County Administrator had a bad relationship. The Claimant created this bad relationship with his prior insubordinate behavior and

disciplinary actions. The Claimant should not be allowed to bootstrap his prior unacceptable employment behavior into justification for his current insubordination when the employer has a legitimate business interest to investigate. Likewise, the Claimant cannot use the right against incrimination to refuse to answer questions about whether he gave the disk to the Sheriff when he had waived that right by giving it to the Sheriff. The assertion of the right against self incrimination must have some factual basis. Here, it had no basis.